UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VALENTIN ORTIZ, JR.,

Plaintiff,

v.                                              CAUSE NO.: 3:19-CV-061-JD-MGG

DR. PEARCY, et al.,

Defendants.

OPINION AND ORDER

Valentin Ortiz, Jr., a prisoner without a lawyer, filed a complaint alleging that he

has been denied necessary dental care at the Westville Correctional Facility in violation

of the Eighth Amendment. A filing by an unrepresented party "is to be liberally

construed, and a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28

U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it

if the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief.

Ortiz alleges that on March 14, 2018, he visited Dr. Pearcy, the dentist at

Westville, to have a cavity filled. Dr. Pearcy along with his dental assistant Ms. Coros

worked to fill the cavity in Ortiz's tooth. Twenty minutes later, the filling fell out. Prison

officials called the dentist's office and told them of the problem with Ortiz's filling. An

unidentified individual at the dentist's office said that they would reschedule Ortiz to

be seen the following day. However, that did not happen. Ortiz was not scheduled to see Dr. Pearcy until April 16, 2018, when Dr. Pearcy re-filled the cavity. However, later that same evening the filling fell out. Since then, Ortiz has unsuccessfully tried to have Dr. Pearcy repair his tooth. Ortiz requested that his tooth be extracted and replaced with dentures, but Dr. Percy told Ortiz that he did not need dentures. Following that encounter, Ortiz has submitted numerous health care request forms and grievances. Dr. Pearcy has not responded to any of Ortiz's numerous requests. As a result of his tooth not being repaired, Ortiz suffers pain when he eats. Ortiz sues Dr. Pearcy, Ms. Coros, Warden Mark Sevier and Wexford for both money damages and injunctive relief.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs,

he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

According to the allegations in the complaint, Ortiz made Dr. Pearcy aware that his second filling came out and that he was in extreme pain. However, no appointment was ever made, and Dr. Pearcy did nothing to help him. These allegations state a claim against Dr. Pearcy for deliberate indifference to his need for dental treatment. Accordingly, Ortiz will be permitted to proceed against Dr. Pearcy for monetary damages and injunctive relief.

However, Ortiz's allegations against the other defendants do not state a constitutional claim. To start, Ortiz alleges that Ms. Coros was simply present and assisted Dr. Pearcy while filling Ortiz's cavity on two occasions. These allegations do not describe deliberately indifferent conduct. At most, the allegations show that she did not do a very good job. But, negligence – even gross negligence – does not violate the Constitution. *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008). Next, Ortiz does not allege facts to suggest that Warden Sevier was personally involved or knew about his need for dental care. He alleges only that the warden should be liable for the dentist's actions. However, that is not the case. "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer*

*v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). "[P]ublic employees are responsible for

their own misdeeds but not for anyone else's." *Id.* at 596; *Moore v. State of Indiana*, 999

F.2d 1125, 1129 (7th Cir. 1993) (noting the doctrine of *respondeat superior* has no

application to § 1983 actions). Finally, he sues Wexford, the medical provider at

Westville. "Private corporations acting under color of state law may, like municipalities,

be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh*, 762

F.3d 617, 640 (7th Cir. 2014), *quoting Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675

(7th Cir. 2012). Ortiz does not include any allegations from which it can be plausibly

inferred that Wexford had an unconstitutional practice or policy that caused his injury.

Instead, the gist of Ortiz's claim is that Dr. Pearcy failed to give proper care to him for

his dental needs. Accordingly, Ortiz has not plausibly alleged a claim against Wexford.

Lastly, Ortiz's complaint contains a request for a preliminary injunction,

although he did not file a separate motion, as required by this court's local rules. *See*

N.D. Ind. L.R. 65-1 **(**"The court will consider requests for preliminary injunctions only if

the moving party files a separate motion for relief."). Ortiz asks that the court order Dr.

Pearcy to refrain from treating him and instead refer him to an outside dentist. ECF 2 at

4. As already explained, Ortiz may proceed against Dr. Pearcy on an injunctive relief

claim. So, Dr. Pearcy is the proper party to respond to the motion for a preliminary

injunction. The court will defer ruling on Ortiz's request for a preliminary injunction

until the Dr. Pearcy has filed a declaration in response to this request and Ortiz has had

an opportunity to reply.

For these reasons, the court:

(1) GRANTS Valentin Ortiz, Jr., leave to proceed against Dr. Pearcy in his individual capacity for compensatory and punitive damages for failing to provide Ortiz with adequate dental care while housed at the Westville Correctional Facility, in violation of the Eighth Amendment;

(2) GRANTS Valentin Ortiz, Jr., leave to proceed against Dr. Pearcy for injunctive relief to provide Ortiz with adequate dental care, as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Wexford, Warden Mark Sevier and Ms. Coros;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Pearcy at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Pearcy to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(7) CONSTRUES Ortiz's request for a preliminary injunction contained in his complaint as a motion and DIRECTS Dr. Pearcy to file a declaration in response to Ortiz's request for a preliminary injunction along with his answer.

SO ORDERED on February 5, 2019

                 /s/ JON E. DEGUILIO
                 JUDGE
                 UNITED STATES DISTRICT COURT