UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VALENTIN ORTIZ, JR.,

    Plaintiff,

    v.

DR. PEARCY,

    Defendant.

CAUSE NO.: 3:19-CV-061-JD-MGG

OPINION AND ORDER

Valentin Ortiz, Jr., a prisoner without a lawyer, filed a complaint including a request for preliminary injunctive relief seeking dental treatment. ECF 2. The Warden was ordered to file a response to the request for a preliminary injunction along with his answer, and he has done so. ECF 12. Ortiz has filed a reply. ECF 13.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is

"cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). It is true that every inmate is entitled to receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, before an inmate can obtain injunctive relief, he must make a clear showing that the medical care he is receiving violates the Eighth Amendment prohibition on cruel and unusual punishment. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Ortiz, who is currently housed at the Westville Correctional Facility (WCF), alleges he has been denied adequate dental treatment since March of 2018. According to Ortiz's dental records, Dr. Pearcy saw Ortiz on March 15, 2018,[1] to perform an amalgam restoration of tooth number 20. ECF 12-1 at 2; ECF 12-2 at 16. On April 9, he saw Ortiz again, this time to surgically remove the retained root of tooth number 12. *Id*. During this visit, Ortiz informed Dr. Pearcy that the filling of tooth number 20 had fallen out, and he was subsequently scheduled for another appointment to address the filling issue. *Id*. Although Ortiz requested that "all his teeth be removed [due] to the filling not taking" (ECF 13 at 1), Dr. Pearcy attempted to restore the cavity and secure the filling in tooth number 20 using dentin and enamel bonding on May 16, 2018.[2] ECF 12-1 at 2; ECF 12-2 at 17. The filling fell out later that same evening; Ortiz attempted to contact Dr. Pearcy, but no one answered the phone. ECF 2 at 3; ECF 13 at 1.

---

[1] Ortiz alleges that the date of the amalgam restoration was March 14, 2018, but medical records indicate otherwise.

[2] Ortiz alleges that the date of the second filling appointment was April 16, 2018, but medical records indicate otherwise.

Ortiz subsequently filed requests for healthcare, which he claims went unanswered. ECF 13 at 1. However, records show that a follow-up visit with Dr. Pearcy was scheduled for July 9, 2018, pursuant to a Health Care Request form filed on May 29, 2018, to evaluate whether tooth number 20 could be restored. ECF 12-1 at 2; ECF 12-2 at 17. Ortiz did not show up to that appointment due to his dorm being on lockdown at the time. ECF 12-1 at 2–3; *Id*. When Dr. Pearcy's clinic staff attempted to reschedule the appointment, it was discovered that Ortiz had been transferred to another complex at WCF and was assigned to another dental clinic. ECF 12-1 at 3. Dr. Pearcy attests that, due to the transfer, he no longer has any contact with Ortiz regarding his dental care. *Id*.

According to Ortiz's dental records, he was scheduled to see Dr. Wilkinson, another dentist at WCF, on February 15, 2019. ECF 12-2 at 17. However, Ortiz refused treatment and refused to sign a release of liability form. *Id*. Ortiz admits refusing treatment and states it was because "Dr. Wilkinson and Dr. Pearcy are colleagues; plus, the treatment of filling the cavity is ineffective [due] to the decaying of the tooth." ECF 13 at 4.

As an initial, and ultimately dispositive matter, the court must address the effect of Ortiz's transfer on his pending claim for injunctive relief. "A court's power to grant injunctive relief only survives if such relief is actually needed." *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009) (abrogation on other grounds recognized by *Jones v. Carter*, 915 F.3d 1147, 1149 (7th Cir. 2019)). Injunctive relief is available when "there exists some cognizable danger of recurrent violation, something more than the mere possibility." *Id*. (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). Here, Ortiz has been

granted leave to proceed against Dr. Pearcy for injunctive relief to provide him with adequate dental care, as required by the Eighth Amendment. However, it is undisputed that Ortiz has been transferred to a different complex at WCF, which is served by an entirely separate dental clinic from the one Dr. Pearcy practices in. As a result, Dr. Pearcy is no longer responsible for Ortiz's dental needs, and there is not a "realistic possibility" that Ortiz will be subjected to any care—let alone constitutionally inadequate dental care—by Dr. Pearcy moving forward. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)). While it is "theoretically possible" that Ortiz will be transferred back into the complex served by Dr. Pearcy, "that possibility is supported only by speculation and not evidence." *Nelson*, 570 F.3d at 882 (citing *In re Associated Press*, 162 F.3d 503, 511 (7th Cir. 1998)). Therefore, Ortiz's claim for injunctive relief against Dr. Pearcy is moot. *See id*. at 883; *see also Fuller v. Dillon*, 236 F.3d 876, 883 (7th Cir. 2001) (affirming denial of plaintiff's request for injunctive relief as moot because he had "already received the injunctive relief he requested" when he was no longer housed in the location that had been subjecting him to forced medication).

Moreover, even if this claim was not moot, Ortiz's request for preliminary injunctive relief would be unwarranted. Ortiz asks the court to order Dr. Pearcy to refrain from treating him and to refer him to another dentist for a "second opinion." ECF 2 at 4. In addition to both of those issues being resolved by the transfer, the court notes that "the Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Inmates are "not entitled to

4

demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). While Ortiz insists that Dr. Pearcy provided him with inadequate dental care and ignored his needs, the medical records described above show that Ortiz was seen and treated by Dr. Pearcy multiple times during the time period in question. He made repeated efforts, using different methods and bonding agents, to fill Ortiz's cavity in tooth number 20 prior to the transfer. *See Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) ("[M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards.") (internal quotation marks and citation omitted). Additionally, Ortiz was scheduled to see another dentist, Dr. Wilkinson, at a different dental clinic following the transfer, but he refused treatment and has provided no legitimate reason for doing so. Based on this record, it is Ortiz himself who is standing in the way of further dental care, not the prison medical staff. Thus, even if it was still viable, Ortiz has failed to show a likelihood of success on the merits of his claim for preliminary injunctive relief.

For these reasons, the court:

(1) DENIES the request for preliminary injunctive relief contained within Valentin Ortiz, Jr.'s complaint (ECF 2); and

(2) DISMISSES AS MOOT Valentin Ortiz, Jr.'s claim for permanent injunctive relief against Dr. Pearcy.

SO ORDERED on November 7, 2019

                                                  /s/ JON E. DEGUILIO
                                        JUDGE
                                        UNITED STATES DISTRICT COURT